## SARAH WOODCOCK *vs.* WILLIAM REED, JR.

Property purchased with money acquired in trade in Rhode Island, by a married woman who lives there with her husband, may be attached on a writ against him.

TORT for the conversion of a tub of butter. At the trial in the superior court, before *Russell*, J., it appeared that the plaintiff, who was the wife of Isaac Woodcock, carried on business on her own account as a trader in groceries in Fall River, Rhode Island, and with money acquired in her said business sent her husband into Massachusetts to buy a tub of butter to be sold again by her, and immediately upon his purchasing and paying for the same the defendant attached it on a writ against him. The judge instructed the jury that upon these facts the action could not be maintained; and a verdict was returned for the defendant. The plaintiff alleged exceptions.

*C. A. Reed*, for the plaintiff.

*F. A. Boomer*, for the defendant.

METCALF, J. The plaintiff rests her claim on the Revised Statutes of Rhode Island, *c*. 136, § 1, which enact that "the real estate, chattels real and personal estate, which are the property of any woman before marriage, or which may become the property of any woman after marriage, or which may be acquired by her own industry, shall be so far secured to her sole and separate use, that the same, and the rents, profits and income thereof, shall not be liable to be attached, or in any way taken, for the debts of the husband." By § 5 of the same chapter — which authorizes a married woman to make contracts respecting the sale, &c. of her personal property, &c. — it is declared that "nothing in this section shall be construed to authorize any married woman to transact business as a trader." And we do not elsewhere find, in the statutes of Rhode Island, any authority given to a married woman to act as a sole trader, besides that which is given by Rev. Sts. *c*. 135, § 1, in these words : " When any married woman shall, or shall have, come from any other state or country into this state, without her husband, he never having lived with her in this state, and she shall

continue, or shall have continued, to reside in this state for the space of one year continuously, she may afterwards, during her separate residence therein, transact business, make contracts, prosecute and defend suits in her own name, and dispose of such of her property which she may acquire by her own industry or otherwise." These provisions undoubtedly confer on any married woman, to whom they apply, full authority to act as a sole trader; but they do not apply to this plaintiff. Can she, then, maintain this action by virtue of § 1 of *c.* 136, above set forth? We have to decide this question without the aid of the courts of Rhode Island, who are the only authoritative expounders of the statutes of that state. We cannot learn that they have ever had occasion to decide it.

We deem it a safe inference from the case of *Martin* v. *Pepall*, 6 R. I. 92, that the common law respecting married women is in force in Rhode Island, except so far as it has been altered by statute. All the alterations of that law which we find in the statutes of that state, and which affect the present case, are in the two passages above quoted from the Rev. Sts. *c.* 135, § 1, and *c.* 136, §§ 1, 5. And as we there find authority to act as sole traders conferred on married women of one class only, to which the plaintiff does not belong, and expressly withheld from all others, we are of opinion that the provision in the first section of *c.* 136, that the property of a married woman " acquired by her own industry shall not be liable to be taken for the debts of the husband," should be construed to apply only to property acquired by some form of industry sanctioned by law, and not to property acquired by a form of industry which is prohibited by the fifth section of the same chapter. We are therefore of opinion that the plaintiff had no right to transact business and make contracts as a sole trader; that her husband had no right to buy goods in her name, for the purpose of enabling her to act as such; and that the goods bought by her husband, at her instance, with money obtained by her sole trading, were not protected from attachment for his debts. By the common law, which must be applied to this case, that money and those goods were his and not hers. *Exceptions overruled.*